# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELAINE GO, | Case No. 2:19-cv-01775-RFB-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| CLARK COUNTY, ET AL., | |
| Defendants. | |

This matter is before the Court on the Defendants' Motion for Sanctions (ECF No. 34), filed on October 7, 2020. Plaintiff filed a Response (ECF No. 37) on October 21, 2020. Thereafter, on October 26, 2020, the parties filed a Stipulation (ECF No. 40) resolving a portion of the Motion. Specifically, the parties agreed to permit the psychiatric examination of Plaintiff to go forward on November 19, 2020 and Defendants withdrew their request to sanction Plaintiff by prohibiting her from introducing evidence of her alleged mental condition along with compelling her attendance at the examination and adjusting the expert disclosure deadline. As a result, the only portion of the Motion that remains for the Court's consideration is Defendants' request for costs related to the October 1, 2020 examination. They are seeking $2,800.00 in costs for the examination.

**I.  BACKGROUND**

The events of this case are familiar to the parties and the Court shall only repeat them here as necessary. Plaintiff failed to attend a duly noticed Rule 35 psychiatric examination on October 1, 2020. The Court approved the parties' stipulation for this examination. (ECF No. 33). Counsel for the parties met and conferred several times prior to the examination to ensure it would go smoothly and discuss social distancing and prevention measures. Due to alleged and unidentified concerns about COVID-19, Plaintiff refused to appear for the scheduled examination

and notified defense counsel on September 30, 2020.  Defendants were subject to "no-show" costs of $2,800.00, which they seek to recover as a sanction pursuant to Fed.R.Civ.P. 37.

Plaintiff contends that she requested a slight accommodation due to her disability and sought to attend the examination via zoom or postpone it due to COVID-19 concerns.  Her counsel requested that the examination be postponed in hopes that the current risks subside.

**II.     DISCUSSION**

Fed.R.Civ.P. 26(b)(1) provides for broad and liberal discovery.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Id.* However, a court may limit discovery via Rule 26(c), which permits the court to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense when the party establishes good cause.  For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*; *see also Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003) (*citing San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)).  The Supreme Court has interpreted the language of Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  Additionally, the Supreme Court has acknowledged that the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery.  The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.*

The Court notes that Plaintiff never made any attempt to file a motion for protective order prior to the October 1, 2020 examination.  There is no dispute that the Rule 35 examination was duly noticed and that Plaintiff was required to attend – in person – as noticed.  Further, Plaintiff's speculation that COVID-19's risks may lessen at some unknown future date is not a reasonable

1  excuse to refuse to attend in person.  Plaintiff's duty to appear is relieved only by obtaining either
2  a protective order or an order staying the examination pending resolution of the motion for
3  protective order.  *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964).
4  Indeed, Rule 37(d)(2) provides that the failure to appear "is not excused on the ground that the
5  discovery sought was objectionable, unless the party failing to act has a pending motion for a
6  protective order under Rule 26(c)."  This provision operates to bar a party who has not moved for
7  a protective order from arguing that sanctions are improper given the objectionable nature of the
8  disputed discovery.  Accordingly, Rule 37(d)(2) dictates that a pending motion for protective
9  order is a necessary, but not sufficient, condition to be excused for failing to attend a deposition.
10 *Izzo v. Wal-Mart Stores, Inc*., 2016 WL 409694, at *7 (D. Nev. Feb. 2, 2016).

11       Therefore, clearly Plaintiff was required to seek leave of the Court if she wanted to attend
12 remotely or postpone it.  However, she did neither one; she simply refused to show up.  As a
13 result, the Court finds that Defendants' Motion for Sanctions should be granted under Rule 37
14 and Plaintiff should be required to pay the no-show costs as her failure to attend was neither
15 substantially justified nor would the imposition of the costs be unjust.  Indeed, it is not
16 Defendants' duty to bear Plaintiff's no-show costs for her intentional failure to appear.

17      **III.**    **CONCLUSION**

18       IT IS THEREFORE ORDERED that Defendants' Motion for Sanctions (ECF No. 34) is
19 **granted in part and denied in part as moot**.

20       IT IS FURTHER ORDERED that Plaintiff shall pay the no-show costs of $2,800.00 for
21 failure to attend the October 1, 2020 Rule 35 examination to Defendants.

22       DATED: November 9, 2020.

23
24                             DANIEL J. ALBREGTS
                            UNITED STATES MAGISTRATE JUDGE
25
26
27
28