UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Elaine Go,<br><br>           Plaintiff,<br><br>    v.<br><br>Clark County, Ted Lendis, Shawn McCrary, Marci Henson, Letty Bonilla, and Sandra Jeantete,<br><br>           Defendants. | Case No. 2:19-cv-01775-RFB-DJA<br><br>ORDER |

## I.  INTRODUCTION

Before the Court is Defendants' Motion for Summary Judgment. (ECF No. 64).

## II.  PROCEDURAL BACKGROUND

On September 23, 2019, Plaintiff Elaine Go filed a Complaint with the Eight Judicial District Court in Clark County, Nevada. ECF No. 1. Defendants removed the action to this Court on October 10, 2019. ECF No. 1. On October 21, 2019, Defendants filed a Motion to Dismiss. ECF No. 7. Plaintiff responded on December 17, 2019, ECF No. 22, and Defendants replied on December 24, 2019, ECF No. 24. On November 18, 2019, Plaintiff filed a Second Amended Complaint and demanded a jury trial. ECF No. 17.

On December 3, 2019, Defendant Clark County filed an Answer. ECF No. 18. On January 10, 2020, an Early Neutral Evaluation session was held before Magistrate Judge Cam Ferenbach; a settlement agreement was not reached. ECF No. 27. On January 24, 2020, a Scheduling Order was entered directing all discovery due by December 9, 2020, motions due by January 8, 2021, and proposed Joint Pretrial Order due by February 7, 2021. ECF No. 30.

On November 3, 2020, Plaintiff filed a Third Amended Complaint and demanded a jury trial. ECF No. 48. Defendants filed an Answer on November 18, 2020. ECF No. 55. On November 25, 2020, this Court denied Defendants' Motion to Dismiss without prejudice and ordered Plaintiff to file a Fourth Amended Complaint. ECF No. 58. The Court also granted Defendants leave to file a partial motion for summary judgment prior to the close of discovery on the issues of preemption and discretionary-act immunity after having seen the Fourth Amended Complaint. Ibid.

On December 9, 2020, Plaintiff filed a Fourth Amended Complaint, alleging the following claims: (1) failure to accommodate under the Americans with Disabilities Act (ADA); (2) hostile work environment under the ADA; (3) disability discrimination in violation of NRS § 613.330; (4) interference under the Family and Medical Leave Act (FMLA); (5) intentional infliction of emotional distress; (6) violations of 42 U.S.C. § 1983; (7) disability discrimination under the ADA; and (8) retaliation under the ADA. ECF No. 62. Defendants filed an Answer on December 23, 2020. ECF No. 63.

On January 6, 2021, Defendants Lendis, McCrary, Henson, Bonilla, and Jeantete filed the instant Motion for Summary Judgment with respect to Plaintiff's claim of intentional infliction of emotional distress. ECF No. 64. Plaintiff responded on February 17, 2021, ECF No. 70, and Defendants replied on March 8, 2021, ECF No. 73.

### III. FACTUAL BACKGROUND

#### a. Undisputed Facts

The Court finds the following facts to be undisputed.

Between 2017 and January 2020, Plaintiff Elaine Go was employed by Defendant Clark County as an Air Quality Specialist. During her employment, Plaintiff was supervised by Defendant Ted Lendis and interacted with the other individual defendants herein named.

Between September 2017 and April 2019, Plaintiff submitted six requests for work accommodations from Defendants Clark County, Sandra Jeantete, and Letty Bonilla, on the basis of her alleged disabilities. Plaintiff alleged that she suffered from agoraphobia, anxiety, and panic disorders. Plaintiff's requested accommodations included: being seated away from her supervisor;

receiving a reduced number of "adverse assignments" and high-profile cases; participating in a reduced number of meetings with her supervisor, or in the alternative, having a third-party observer at the meetings; receiving all task instructions in writing; and being permitted to work from home once or twice per week.

Defendants Jeantete and Bonilla, who work within the Clark County Office of Diversity, determined that Go's alleged conditions did not rise to the level of a disability. Between October 2017 and June 2019, Plaintiff's requests for accommodations were denied. In December 2017, Plaintiff informed Defendant Marci Henson, the Director of the Department of Air Quality, that she could not return to work without receiving her requested accommodations. Defendant Henson began to classify Go's absences as unauthorized leave without pay. In January 2018, Plaintiff submitted a request for leave without pay, which Henson denied.

Plaintiff subsequently experienced a series of negative evaluations at work. In September 2018, she was required to attend a "daily production meeting" with Defendant Lendis to discuss her workload management. Also, that month, Defendant Henson met with Plaintiff to discuss her alleged "insubordination" and lack of professionalism. Plaintiff was formally written up in October 2019 for insubordination. On January 21, 2020, Plaintiff was terminated.

### b. Disputed Facts

The parties fundamentally dispute the validity of Plaintiff's requested work accommodations, as well as Defendants' alleged treatment of Plaintiff. First, the parties dispute whether Plaintiff's alleged agoraphobia, anxiety, and panic disorders qualify as disabilities under the ADA. Defendants Lendis, McCrary, and Henson deny that they were ever notified of Plaintiff's alleged conditions or requested work accommodations.

Plaintiff principally contends that all of the individual defendants – Lendis, McCrary, Henson, Bonilla, and Jeantete – engaged in a campaign of harassment and bullying, intentionally discriminated against Plaintiff on the basis of her disability status and colluded to deny her of her rights under the FMLA, ADA, and Nevada anti-discrimination and tort law.

Plaintiff further alleges that Defendant Lendis intentionally treated her with malice. She alleges that he left work in her queue while she was out on FMLA leave, left information about

Plaintiff's FMLA leave in a folder designated for public records to be disclosed to the public, recommended that Plaintiff's request for leave be denied because her work was "untimely," required Plaintiff to schedule FMLA leave for treatment in advance, resulting in delayed medical treatment, and repeatedly berated her about her work performance.

Plaintiff alleges that Defendants Jeantete and Bonilla derided Plaintiff for claiming that her conditions constituted disabilities. She alleges Defendant Jeantete did not evaluate Plaintiff's medical records or consult with a physician before denying Plaintiff's requested accommodations. Plaintiff further alleges that defendants Lendis, Henson, and McCrary "adopted" this derisive attitude, and that all defendants collectively "sneered at, mocked, bullied, and ganged up on" Plaintiff – knowing that she had various mental health challenges – in order to exacerbate her alleged conditions.

Plaintiff alleges that the defendants' collective treatment of her "was so harsh that it triggered a severe panic attack that caused her to seek inpatient care at a mental health facility."

Defendants deny all of the above allegations.

### IV.     LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014).

If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

### V. DISCUSSION

Under Nevada law, a plaintiff alleging a claim of intentional infliction of emotional distress (IIED) must establish that defendants (1) engaged in extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) that the plaintiff suffered severe or extreme emotional distress; and (3) that actual or proximate causation exists between defendant's conduct and plaintiff's injury. Star v. Rabello, 625 P.2d 90, 91-92 (Nev. 1981). Extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community. Maduike v. Agency Rent-A-Car, 953 P.2d 24, 26 (Nev. 1998).

Defendants contend that Plaintiff has failed to provide evidence that the individual defendants' behavior towards her rose to the level of "extreme and outrageous conduct" required for an IIED claim. Defendants argue that the actions they took against Plaintiff largely constitute personnel management activities, which are insufficient to support a claim of IIED, even if improper motivation is alleged. Further, while Defendants deny that they ever sneered at or mocked Plaintiff, they contend that this type of conduct is not "extreme or outrageous." Plaintiff responds that Defendants used their positions of power to bully and inflict severe emotional distress upon a person they knew to be suffering from anxiety and panic disorders. Plaintiff alleges that by denying her disability, forcing her to work without accommodations, berating her, and issuing writeups against her, Defendants intentionally sought to inflame Plaintiff's conditions and inflict emotional harm upon her. In support of this claim, Plaintiff offers affidavit by her husband, William Livosi, in which he attests to Defendants' alleged torment and the pain that Plaintiff allegedly endured for three years. Plaintiff also argues that expert witnesses can provide testimony about her resulting hospitalization and PTSD.

The Court agrees with Defendants that, on the basis of the undisputed facts, Plaintiff cannot satisfy the elements required to make out a claim of IIED. An IIED claim cannot be based upon "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Candalore v. Clark Cty. Sanitation Dist., 975 F.2d 588, 591 (9th Cir. 1992) (applying Nevada law and quoting Restatement (Second) of Torts, § 46 cmt. D (1965)). Further, everyday personnel management

activities – such as hiring and firing, promotion and demotion, and performance evaluations – do not support a claim of IIED, even when improper motivation is alleged. Kraja v. Bellagio, LLC, 202 F. Supp. 3d 1163, 1174 (D. Nev. 2016).

Plaintiff alleges that she was denied various accommodations at work and that Defendants denied her these accommodations, subjected her to increasingly harsh sanctions and discipline, and "mocked, sneered, ganged up on, and bullied" her for her disability. While bullying an individual for the purposes of inflaming their mental health conditions might rise to the level of "extreme and outrageous conduct" for the purposes of establishing an IIED claim, Plaintiff has not offered any proof that Defendants in fact acted with the malicious intent to harm her. The only evidence that Plaintiff offers is Mr. Livosi's affidavit, which is largely based on conclusory allegations that the defendants "joke[d] about [Plaintiff's] condition" and "knew that Elaine was suffering tremendously and only sought to punish her." These statements are purely speculative, and do not provide a sufficient evidentiary basis to find that Defendants acted with the subjective intent of exacerbating Plaintiff's alleged illness.

To the extent that Plaintiff argues that the alleged bullying and workplace discipline, in and of itself, can support a claim for IIED, this Court rejects that argument. It is well established that under Nevada law, an IIED claim cannot be based upon mere insults or indignities, nor can it be based on an objection to personnel management actions taken in the workplace. Plaintiff's alleged mistreatment is predicated upon insults and workplace sanctions and does not fall "outside all possible bounds of decency" so as to be "regarded as utterly intolerable in a civilized community." Maduike, 953 P.2d at 26. Accordingly, Plaintiff's IIED claim cannot survive as a matter of law.

Defendants further contend that Plaintiff's IIED claim is preempted by the Nevada Industrial Insurance Act and NRS § 613.330, and that Defendants are immune from suit under NRS § 41.032. Because the Court determines that the undisputed facts and all inferences drawn therefrom, when viewed in the light most favorable to Plaintiff, do not support a claim of IIED, it need not reach the merits of Defendant's claims of preemption and immunity.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 64) is **GRANTED.** The Plaintiff's IIED claim is dismissed.

DATED: September 30, 2021.

                                            **RICHARD F. BOULWARE, II**
                                            **UNITED STATES DISTRICT JUDGE**